

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ALLIED INVENTORY SERVICES, INC.

versus                                           CIVIL ACTION NO. 07-2028
                                                               JUDGE TOM STAGG

BROOKSHIRE'S GROCERY COMPANY

## MEMORANDUM ORDER

Before the court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) filed by the defendant, Brookshire's Grocery Company ("Brookshire's"). See Record Document 10. The plaintiff, Allied Inventory Service, Inc. ("Allied") filed suit in this court against Brookshire's asserting that it had rendered inventory services to Brookshire's, with whom it maintained an open account, and that Brookshire's had failed to pay for services rendered. Prior to the inventory work being performed by Allied, Brookshire's had received a Notice of Levy from the Internal Revenue Service. According to the petition, the levy pertained to taxes due by a predecessor company to Allied and not to Allied. Brookshire's made payment of the funds due Allied to the Internal Revenue Service and asserted that the payment to the IRS discharged its debt to Allied. Allied, however, asserts that it is owed for services rendered and that

Brookshire's payment to the IRS did not discharge its debt to Allied, as Allied was not liable for the taxes which resulted in the levy. Brookshire's removed the case based on an assertion of federal question jurisdiction. Brookshire's then filed a motion to dismiss for failure to state a claim, arguing that it is immune from suit pursuant to 26 U.S.C. § 6332(e).[1]

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). Furthermore, dismissal of an action under Rule 12(b)(6) is a "disfavored means of disposing of a case."

---

[1]Title 26, United States Code, section 6332(e) provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

2

<u>Kennedy v. Tangipahoa Parish Library Bd. of Control</u>, 224 F.3d 359, 365 (5th Cir. 2000).

The court has reviewed the pleadings and concludes that, at this early stage of the litigation and assuming the plaintiff's allegations to be true, the plaintiff has pled enough facts to state a claim for relief.[2] Accordingly, Brookshire's motion to dismiss (Record Document 10) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of June, 2008.



JUDGE TOM STAGG

---

[2] If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. In its reply memorandum, Brookshire's unwisely attached extra-complaint evidence, including an affidavit. If the court were to consider this extra-complaint evidence, the motion would need to be converted into a Rule 56 motion for summary judgment. However, the court expressly excludes the extra-complaint evidence and bases its decision only on the pleadings, as required by Rule 12(b)(6).